IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUSTIN MELVIN DAVISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-21-01014-JD |
| ) | |
| CHRISTE QUICK, Warden, ) | |
| Oklahoma State Penitentiary, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is a Motion to Appoint Next Friend ("Motion") [Doc. No. 53], filed by Petitioner's counsel seeking appointment of a next friend under Federal Rule of Civil Procedure 17(c)(2). Counsel asserts that such appointment is necessary because Petitioner "cannot protect his interests on his own behalf because he does not understand the proceedings or the importance of his case-related decision making." Motion at 7.[1] Respondent has filed an objection, and Petitioner has filed a reply. [Doc. Nos. 56 and 57]. After careful review of the parties' submissions, and for the reasons set forth below, the Court denies the Motion.

A "next friend" is one who pursues an action on behalf of the real party in interest when that person cannot appear on his own behalf due to some legitimately recognized reason "such as inaccessibility, mental incompetence, or other disability." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The proposed next friend must necessarily show that

---

[1] The Court cites to the CM/ECF page numbering across the time of filings.

the real party in interest "is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id.* at 165. The proposed next friend must also be "truly dedicated to the best interests" of the real party in interest, and it is suggested the next friend must have a "significant relationship with the real party in interest." *Id.* at 163, 164.

The initial question for the Court is whether Petitioner's counsel has established that Petitioner is unable to proceed on his own behalf. Fundamental to this question is what case-related decision-making remains in this habeas proceeding, which has been fully briefed. Indeed, the majority of counsel's arguments reference potential future problems.

Though counsel asserts that Petitioner's "mental health makes it so he cannot pursue habeas relief on his own behalf," Motion at 16 (capitalization altered), counsel does not actually present any arguments specific to pursuing habeas relief. Instead, counsel asserts that Petitioner's psychotic symptoms and delusional ideation affect his ability to work with his defense team, but counsel does not identify any current decisions or needs other than an "on-going need to provide medical and mental health record releases." Reply [Doc. No. 57] at 9; *see* Motion at 20–21. Nor does counsel indicate that Petitioner is unable to provide these releases. *See* Motion at 20–21. The remainder of counsel's arguments relate to situations or decision-making that may occur in the future. *See* Motion at 21, 24.

As such, Petitioner's counsel has not shown that Petitioner is unable to proceed on his own behalf at this juncture of the current habeas proceeding. *Cf. Ryan v. Gonzales*,

568 U.S. 57, 71, 73, 74–75 (2013) (holding that there is no statutory right to be competent during habeas proceedings and explaining that it would be an abuse of discretion for a district court to grant a competency-based stay of habeas proceedings in situations where a habeas petitioner's competent participation is not necessary).

Accordingly, the Court DENIES the Motion to Appoint Next Friend [Doc. No. 53] without prejudice to refiling should a future need arise.

IT IS SO ORDERED this 22nd day of February 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE